UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

SHAWN CANADA,

        Plaintiff,

v.

PAUL SNELL,
ROGER CARR,
MATHIAS ANTONY, and
KEITH ELLISON,

        Defendant.

Case No. 19-CV-0764 (JRT/SER)

**REPORT AND RECOMMENDATION**

---

    Shawn Canada, a prisoner of the Minnesota Department of Corrections, filed for habeas corpus relief pursuant to 28 U.S.C. § 2254 alleging that he is going to be incarcerated for longer than necessary based on his potential status of homelessness upon release [ECF No. 1].[1]  This matter is before the Court pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United states District Courts.  Based on that review pursuant to Rule 4, this Court concludes that Canada has not exhausted his claims about

---

[1] Canada previously filed a Section 2254 petition with this Court, *see Canada v. Miles*, No. 17-CV-1043 (JNE/SER) (D. Minn.), but "additional habeas petitions are not necessarily 'second or successive' if they are based on new developments relevant to a prisoner's continuing confinement." *Crawford v. Minnesota*, No. 11-CV-2918 (JRT/FLN), 2012 WL 695893, at *3 (D. Minn. Mar. 5, 2012).  Canada's first habeas petition challenged the validity of his conviction and sentence; his pending petition challenges a subsequent development (Canada alleges) in how that sentence is being carried out.  Accordingly, the pending petition is not second or successive for purposes of 28 U.S.C. § 2244(b).

1

his release date in the Minnesota state courts and that his petition should therefore be dismissed without prejudice.

A federal district court may entertain a state prisoner's application for a writ of habeas corpus only when the petitioner has exhausted the state court remedies. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The exhaustion requirement has been summarized as follows:

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. To provide the State with the necessary opportunity, the prisoner must fairly present his claims in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim.

*Baldwin v. Reese,* 541 U.S. 27, 29 (2004) (internal citations and quotation marks omitted). To exhaust state court remedies, a petitioner must fairly present his constitutional claims to the highest available state court before seeking relief in federal court. *O'Sullivan,* 526 U.S. at 845. Claims are considered fairly presented "if the state court rules on the merits of [a petitioner's] claims, or if [the petitioner] presents his claims in a manner that entitles him to a ruling on the merits." *Gentry v. Lansdown,* 175 F.3d 1082, 1083 (8th Cir. 1999). Thus, a claim has not been fairly presented if a state appellate court expressly declines to address it on the merits because the petitioner violated state procedural rules. *Hall v. Delo,* 41 F.3d 1248, 1250 (8th Cir. 1994).

When a petition contains claims that have not been fairly presented, a court must determine whether state procedural rules would allow hearing on the merits. *McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997). Generally, "[w]hen a state court remedy is

available for a state prisoner's unexhausted claim, the federal habeas court must defer action until the claim is exhausted, either by dismissing the federal petition without prejudice or by using the 'stay and abeyance' procedure described in *Rhines v. Weber*, [544 U.S. 269] . . . (2005)." *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005).

If, however, the state's procedural rules preclude a hearing on the merits, the petitioner's claims are procedurally defaulted and no federal habeas review of that claim is possible. *McCall*, 114 F.3d at 757. Thus, when a petitioner has not exhausted the state court remedies for a claim and state procedural rules preclude any further attempts to satisfy the exhaustion requirement as to that claim, then the claim is not truly unexhausted; rather, the claim is procedurally defaulted. *See id.* If a state prisoner presented a federal claim to a state court but the claim is procedurally improper, the claim is also procedurally defaulted. *See Coleman v. Thompson*, 501 U.S. 722, 732 (1991).

A federal court may not review a procedurally defaulted claim on its merits unless a petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* at 750.

### A. Canada's habeas claims have not been exhausted in state court

The Minnesota Department of Corrections ("DOC") has a procedure for inmates to appeal issues with supervised or intensive supervised release. It is described at length in *Marlowe v. Fabian,* 2011 WL 2728281, \*1, \*1-2 (D. Minn. 2011). The exact details of the release review process need not be recited here to demonstrate that Canada has not exhausted them, because he openly admits in his petition that he has not brought this

issue to state court, opting instead to come "straight to federal courts". [ECF No. 1 at 12]. This bare admission is sufficient for the Court to determine that he has not adequately exhausted state or administrative remedies, and thus does not qualify for Section 2254 relief. Canada does not argue that the state has insufficient remedies, that he has been unable to access them, or that a miscarriage of justice would result if this Court required him to pursue exhaustion. Thus, it will be recommended that his petition be dismissed without prejudice for failure to exhaust state remedies. The dismissal is without prejudice because there is no indication that time has run out for Canada to exhaust state remedies, he simply has not tried.

### B. Non-Dispositive Motions

Additionally, Canada has filed numerous accompanying motions and documents: to proceed *in forma pauperis* [ECF No. 2]; to stand trial [ECF No. 4]; to restructure special conditions [ECF No. 6]; to add defendants and restructure conditions [ECF No. 10]; and, for a jury trial and immediate release [ECF No. 13]. It is hereby recommended that all these motions be denied as moot in light of the recommendation that the petition be dismissed.

### C. Certificate of Appealability

Before appealing a final ruling on a federal habeas petition, a state prisoner must be granted a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A); FED. R. APP. P. 22(b)(1). The Court cannot grant such a certificate unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The applicant must show that the issues to be raised on appeal are "debatable among

4

reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994).

The Court finds it unlikely that any other court, including the Eighth Circuit Court of Appeals, would decide Petitioner's claims any differently than recommended here. Petitioner has not identified, and the Court cannot independently discern, anything novel, noteworthy, or worrisome about this case that warrants appellate review. The Court therefore recommends that Petitioner not be granted a COA in this matter.

### D. Recommendation

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Shawn Canada's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [ECF No. 1] be **DISMISSED** without prejudice for failure to exhaust state remedies;

2. A certificate of appealability **NOT BE GRANTED;**

3. Canada's Motion to Proceed *In Forma Pauperis* be DENIED as moot;

4. Canada's Motion to Stand Trial be DENIED as moot;

5. Canada's Motion to Restructure Conditions be DENIED as moot;

6. Canada's Motion to Add Defendants and Restructure Conditions be DENIED as moot;

7. Canada's Motion for Jury Trial and Immediate Release be DENIED as moot;

8. **JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: May 15, 2019  s/ *Steven E. Rau*
Steven E. Rau
U.S. Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).